Lexington Ins. Co. v New York Mar. & Gen. Ins. Co. (2026 NY Slip Op 01406)

Lexington Ins. Co. v New York Mar. & Gen. Ins. Co.

2026 NY Slip Op 01406

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 651214/22|Appeal No. 6082|Case No. 2024-05294|

[*1]Lexington Insurance Company etc. et al., Plaintiffs-Appellants,
vNew York Marine and General Insurance Company, Defendant-Respondent, Greenwich Insurance Company et al., Defendants.

Herrick, Feinstein LLP, New York (Shivani Poddar of counsel), for appellants.
Stewart Smith, New York (Marc R. Kamin of counsel), for respondent.

Order, Supreme Court New York County (Melissa A. Crane, J.), entered on or about July 9, 2024, which, to the extent appealed from as limited by the briefs, granted defendant New York Marine and General Insurance Company's (NYM) motion for summary judgment dismissing the complaint against it and declared that NYM owes no further coverage obligations to Lexington as subrogee of Twin America, LLC and Mark "Zev" Marmurstein, unanimously reversed, on the law, with costs, the motion denied, the declaration vacated, and the complaint reinstated.
After a tour bus accident in San Francisco, California, multiple lawsuits were filed against NYM's named and permissive insureds and other underlying defendants. These cases were consolidated, and a settlement was reached. Following its own investigation, NYM determined that none of plaintiff Lexington's insureds, who were defendants in the underlying lawsuits, could be considered "insureds" under the NYM policy because they could not be vicariously liable for any of the named or permissive insureds' conduct. However, NYM also determined that the underlying defendants could be contractual indemnitees under one of the named insured's operating agreements. Therefore, NYM funded the defense. NYM asserts that it exhausted the policy limit on these defense costs, and therefore did not contribute towards the eventual settlement. Plaintiff covered the sum that it believes NYM should have paid towards the settlement and brought suit to recover those funds.
Under California law, "the determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy" (Waller v Truck Ins. Exch., Inc., 11 Cal 4th 1, 19, 900 P2d 619, 627 [1995]). "Conversely, where the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability" (id., 11 Cal 4th at 19, 900 P2d at 628). Thus, "the insurer has a higher burden than the insured. The insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot; the insurer, in other words, must present undisputed facts that eliminate any possibility of coverage" (American States Ins. Co. v Progressive Casulty Ins. Co., 180 Cal App 4th 18, 27 [3rd Dist 2009]).
Plaintiff bases its coverage position on NYM's omnibus clause, which states that NYM will cover "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability." Under California law, this language "cover[s] vicarious insureds," which makes them "as much an 'insured' as a named insured or a permissive insured" (id. at 33-34 [emphasis omitted]). Vicarious liability may arise under several different theories, including traditional relationship-based theories, such as respondeat superior and principal-agent (see Mary M. v City of Los Angeles, 54 Cal 3d 202, 209, 814 P2d 1341, 1343 [1991]; Sandler v Sanchez, 206 Cal App 4th 1431, 1442-1443 [2nd Dist 2012]). Additionally, the alter ego doctrine is an equitable theory of vicarious liability (see Doney v TRW, Inc., 33 Cal App 4th 245, 250-251 [6th Dist 1995]).
Plaintiff met its initial burden as the underlying complaints sufficiently allege that Lexington's insureds may be vicariously liable for the torts committed by NYM's insureds in this instance. Specifically, the allegations were sufficient to raise the possibility that Lexington's insureds may be vicariously liable under a theory of respondeat superior, based on an agent-principal relationship, or even as an alter ego.
NYM did not meet its burden on its summary judgment motion, as the extrinsic evidence it submitted failed to conclusively and did not establish that Lexington's insureds would not be liable based on any theory of vicarious liability. Even if we were to consider the questionnaires that NYM failed to include with its motion papers (but see CPLR 3212 [b]), they were insufficient for NYM to satisfy its burden. They consisted of unsworn statements, and while several were relayed from an attorney, the source of the information is not clear, the responses largely contained one-word denials (see generally Batista v Santiago, 25 AD3d 326, 326 [1st Dept 2006]), and the questionaries did not contain information necessary to address all forms of vicarious liability. Indeed, there is some evidence in this record suggesting that NYM's and Lexington's insureds' operations were heavily intertwined, and such evidence may be relevant to assessing agency and alter ego. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026